José Rodríguez López, Plaintiff and Appellant, *v.* National Fire Insurance Co., Defendant and Appellee.

No. 5740.   Argued November 17, 1931.—Decided July 26, 1932.

*García Méndez & García Méndez* for appellant. *J. H. Brown, C. Ruiz Nazario,* and *G. E. González* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiff in an action on a fire insurance policy appeals from an order granting defendant's motion for a change of venue, and questions the sufficiency of an affidavit made by an affiant who was not the agent and attorney in fact, nor a representative of the defendant company. If this question had been raised in the court below, defendant would have had an opportunity to amend the defective affidavit or to file another, in the event of an adverse ruling by the district judge. The question comes too late when presented for the first time on appeal.

The policy was issued by the company and accepted by the assured subject to a condition which reads as follows:

"The contracting parties agree irrespective of residence to submit all questions arising from this contract to the Judges and Courts of the City of San Juan, Puerto Rico."

The only other contention of appellant is that the clause just quoted does not purport a submission to the district court in and for the judicial district of San Juan, and that, if it can be so construed, such an agreement is contrary to law.

The theory of appellant is that the words "Judges and Courts of the City of San Juan, Puerto Rico" refer exclusively to the municipal judges and municipal courts in and for the municipal district of San Juan, which appellant insists, are the only "Judges and Courts of the City of San Juan, Puerto Rico." This, we think, is too narrow a view. It overlooks the necessity of giving effect to the words "all questions arising from this contract." Certainly, by the use of such language, the parties did not mean to exclude all questios involving more than five hundred dollars. Nor can it be seriously contended that they meant to submit cases involving more than that amount to the municipal courts of San

Juan, whose jurisdiction, like that of other municipal courts, is limited to cases involving five hundred dollars including interest. (Comp. Stat. 1911, section 1173.) The phrase "Judges and Courts of the City of San Juan, Puerto Rico" segregated and separately construed by appellant, does not describe the municipal courts any more aptly than it does the district court. The reference is to the place of trial without regard either to the jurisdictional amount involved or to the territorial jurisdiction of the court. The meaning of the clause is that any case arising out of the contract, whether the amount involved be fifty dollars or fifty thousand dollars, is to be tried in San Juan.

The further contention that the agreement to submit all questions arising out of the contract to the courts of San Juan is contrary to law was disposed of by this Court in *Colón* v. *Royal Insurance Co., Ltd.*, 40 P.R.R. 317. We adhere to the conclusion there reached, namely, that the venue in a case of this kind may be predetermined by agreement of the parties to the contract on which the action is based.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.